UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| L.R.M. (XXX-XX-4931) | CIVIL ACTION NO. 24-cv-482 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SOCIAL SECURITY ADMINISTRATION ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

L.R.M. ("Plaintiff"), who is self-represented, filed this action against the Commissioner of Social Security, her former attorney, Arkansas Governor Sarah Sanders, and Judge John Doe. She alleged that she was supposed to be categorized in a way that would have enhanced her monthly Social Security benefits and, although she and her attorney went to court and the judge agreed, the judge did not award her back payments.

Plaintiff's claims against all defendants other than the Commissioner were dismissed for failure to prosecute. Doc. 13. Before the court is the Commissioner's Motion to Dismiss (Doc. 20) that raises several defenses, including failure to exhaust administrative remedies to obtain a final decision before coming to court. The motion was noticed for briefing, but Plaintiff did not file any timely response. Mail to Plaintiff has recently been returned marked undeliverable as addressed, despite Plaintiff signing a form complaint that included her agreement to give the clerk notice of change of address and an acknowledgment that failure to do so could result in dismissal of this case. For the reasons that follow, it is recommended that the Commissioner's motion to dismiss be granted.

**Relevant Facts**

The Commissioner submits the declaration of the Chief of Court Case Preparation and Review who certifies the procedural history of Plaintiff's claim. Plaintiff filed for child disability benefits in 2016 and for supplemental security income in 2017. The claims were denied initially and on reconsideration, but an Administrative Law Judge issued a fully favorable decision in 2021. Plaintiff filed a request for review with the Appeals Council, but her attorney withdrew the request in August 2021. Plaintiff filed this civil action in April 2024. She complains that she is entitled to additional back payments and prays for an award of $500,000.

**Analysis**

The court's ability to review decisions of the Social Security Administration is limited by 42 U.S.C. § 405(g). That statute permits an individual, "after any final decision of the Commissioner made after a hearing to which he was a party," to commence a civil action within 60 days after the mailing of notice of such decision. Section 405(h) emphasizes that an action under Section 405(g) is the only way to challenge a decision by the Commissioner. It states that no decision of the Commissioner shall be reviewed by any person except as provided in the statute, and no action against the Commissioner can be brought under general federal question jurisdiction.

The statute's limitation of judicial review to the Commissioner's final decisions means that a claimant must complete the administrative process and obtain such a final decision before she files suit in court. "A claimant may only obtain judicial review of a

case arising under the Social Security Act if he has first exhausted all available administrative remedies. This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council." Celestine v. Social Security Admin., 486 Fed. Appx. 418 (5th Cir. 2012).

The Commissioner has demonstrated, based on unchallenged record evidence, that Plaintiff did not exhaust her administrative remedies and obtain a "final decision" within the meaning of the Social Security Act that would allow her to seek review in court. "Failure to seek Appeals Council review prior to filing an action in federal court constitutes a failure to exhaust administrative remedies and warrants dismissal for lack of subject matter jurisdiction." Hebert v. Comm'r of Soc. Sec. Admin., 2023 WL 8467520, *1 (W.D. La. 2023) (Whitehurst, M.J.). Plaintiff's withdrawal of her appeal to the Appeals Council and failure to obtain a decision from that body means that the court lacks jurisdiction over Plaintiff's civil action and is without authority to grant any of the relief requested by Plaintiff.

Accordingly,

It is recommended that the Commissioner's Motion to Dismiss (Doc. 20) be granted and that this civil action be dismissed without prejudice for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of December, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge